[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16195
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20796-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON LEMAR DAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 7, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anton Dames appeals the district court's denial of his Federal Rule of Criminal Procedure 41(g) motion for the return of two vehicles seized by the Government. After review,[1] we vacate and remand for further proceedings.

Under Federal Rule of Criminal Procedure 41(g), a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The person from whom the property was seized is presumed to have a right to its return, and the Government must demonstrate that it has a legitimate reason to retain the property. *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 n.8 (11th Cir. 2001).

The Government has advocated inconsistent positions throughout Dames' criminal proceedings as to whether it forfeited the vehicles. During Dames' sentencing hearing, the Government informed the district court that it had seized one of the two vehicles in dispute, but not the other. In its response to Dames' motion below and in its brief before this Court, however, the Government has insisted that the United States did not seize either vehicle. Additionally, the Federal Bureau of Investigation (FBI) Form FD-302 completed for the search of Dames' residence states that both vehicles were seized by the FBI. As such, Dames has demonstrated that both vehicles were originally seized by the FBI.

---

[1] We review a district court's denial of a Federal Rule of Civil Procedure 41(g) motion for return of property *de novo. United States v. Potes Ramirez*, 260 F.3d 1310, 1314 n.8 (11th Cir. 2001). We also review a district court's determination that it lacks jurisdiction to exercise equitable jurisdiction *de novo. See id.*

2

Therefore, it appears the Government, at least at some point, had possession of the vehicles and intended to forfeit them, and, consequently, the Government has not met its burden of demonstrating that it has a legitimate reason to retain the vehicles. *See Potes Ramirez*, 260 F.3d at 1314. Therefore, we vacate the district court's order and remand for further proceedings.

**VACATED AND REMANDED.**